IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.  5:18CR00558 |
| Plaintiff, | : : | JUDGE DAN AARON POLSTER |
| v. | : : | |
| WILLIAM SMITH, | : : | |
| Defendant. | : | **SENTENCING MEMORANDUM** |

Now comes Defendant, William Smith by and through undersigned counsel, and respectfully submits the instant Sentencing Memorandum for this Court's consideration in advance of the Sentencing Hearing in this matter, presently scheduled for August 28, 2019 at 2:00 p.m. A more detailed Memorandum in Support is attached hereto and fully incorporated herein by reference.

Respectfully submitted,

          s/Jay Milano
JAY MILANO (0008204)
Milano Attorneys at Law
2639 Wooster Road
Rocky River, OH 44116-2911
P: (440) 356-2828
F: (440) 356-2873
Email: jm@milanolaw.com

Attorney for Defendant,
William Smith

1

MEMORANDUM IN SUPPORT

On April 22, 2019, Mr. Smith entered a plea of "guilty" to Transfer of a Firearm to a Prohibited Person, in violation of 18 U.S.C. § 922(d)(1). Mr. Smith was referred for a Presentence Investigation Report ("PSR"), and sentencing is presently scheduled for August 28, 2019 at 2:00 p.m.

For the reasons set forth below, Mr. Smith, through counsel, respectfully requests this Court consider the facts and circumstances surrounding the offense and his personal background in conjunction with the provisions of 18 U.S.C. § 3553(a), and respectfully submits that a period of supervision through the United States Probation & Parole Office is just and sufficient to carry out the purposes of sentencing.

**II.      The Plea Agreement**

On April 22, 2019, Mr. Smith entered into a plea agreement with the Government, wherein he agreed to plead "guilty" to Transfer of a Firearm to a Prohibited Person under 18 U.S.C. § 922(d)(1). Dkt. 11, PageID 48-49, ¶ 8. Under 18 U.S.C. § 922(d)(1), the maximum term of imprisonment is ten (10) years, and the maximum statutory fine is $250,000. Dkt. 11, PageID 48.

The plea agreement also provides that Mr. Smith and the Government "stipulate to the computation of the advisory Sentencing Guidelines offense level" of fourteen (14) under U.S.S.G. § 2K2.1(a)(6)(A) before Acceptance of Responsibility. Dkt. 11, PageID 50, ¶ 16. The Government further agreed, as part of the plea agreement, to recommend a two (2) level reduction for Acceptance of Responsibility under U.S.S.G. § 3E1.1(a). Dkt. 11, PageID 51, ¶ 17. Accordingly, the Total Offense Level in this case should be calculated as twelve (12).

While Mr. Smith and the Government did not make any agreement as to Mr. Smith's Criminal History Category, the PSR prepared in this case correctly reflects Mr. Smith's Criminal

2

History Category as I with a "subtotal criminal history score of zero." Dkt. 13, PageID 84, ¶¶ 44-45.

A Total Offense Level of twelve (12) and a Criminal History Category of I yield an advisory Guideline Range of between ten (10) and sixteen (16) months.

**III.     Factors to be Considered in Imposing a Sentence under 18 U.S.C. § 3553 and Probation Eligibility under 18 U.S.C. § 3561(a).**

Under 18 U.S.C. § 3553(a), the Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, and shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

With respect to Mr. Smith's offense, on February 27, 2018, Mr. Smith sold an SCCY 9mm semi-automatic pistol (Serial No. #110340) to his cousin, a convicted felon, who was working as a Confidential Informant on behalf of the Portage County (Ohio) Drug Task Force. Dkt. 13, PageID 78, 80, ¶¶ 14, 22.

Mr. Smith is presently thirty-four (34) years old, and resides in Ravenna, Ohio with his mother and father. Dkt. 13, PageID 85, ¶¶ 52, 55. Mr. Smith has a good relationship with both of his parents, and had a good relationship with his brother, Shawn, prior to his unexpected passing in 2015. Dkt. 13, PageID 85, ¶ 52.

Mr. Smith has two (2) children, Ariel (age 14) and Liam (age 6), and is engaged to be married on July 4, 2020. In addition to his two (2) children, Mr. Smith provides financial support for his children's half-siblings and his fiancé's six (6)-year-son. Dkt. 13, PageID 85, ¶¶ 53-54. Mr. Smith's mother, Sonya, described Mr. Smith as an "extremely hard worker, and a great father[.]" Dkt. 13, PageID 86, ¶ 56.

After eleventh (11th) grade, Mr. Smith withdrew from high school and began working in the construction business to support his first child. Dkt. 13, PageID 86, ¶ 60. Though Mr. Smith does not presently have a high school diploma or GED, he has obtained several trade certifications over time, and has owned and operated his own company, Styles Construction in Ravenna, Ohio, since 2011. Dkt. 13, PageID 86, ¶ 56.

In his capacity as owner/operator of Styles Construction, Mr. Smith presently employs four (4) individuals who rely on their employment to support themselves and their families financially. Dkt. 13, PageID 56, ¶ 56; Dkt. 13, PageID 96. In addition to his yearly employees, Mr. Smith also provides summer employment for two (2) of his cousins, Domo and Devin. Because Mr. Smith is a sole proprietor and personally owns/provides the vehicles, tools, equipment, etc. for himself and his employees to operate his company, the company would inevitably cease to continue operations if he was sentenced to a period of incarceration. Accordingly, should Mr. Smith be sentenced to a term of imprisonment, his current employees would lose their employment and sources of income.

The purposes of sentencing to be considered in fashioning an appropriate sentence include, "the need for the sentence imposed-":

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(2).

Mr. Smith understands the seriousness of his offense, and is vehemently remorseful for his actions – not only because of the impact this conviction will have on his own life, but even more

so because of the negative manner(s) in which his conduct could inevitably affect the livelihoods of his four (4) employees and impact the lives of his children.

As detailed above, Mr. Smith's Criminal History Category was calculated as a I based upon a subtotal of zero criminal history points. Dkt. 13, PageID 84, ¶ 44. Indeed, Mr. Smith does not have a history of committing violence offenses, and his only prior criminal record involves misdemeanor convictions that occurred between 2003 and 2006 when Mr. Smith was between eighteen (18) and twenty-one (21) years of age. Dkt. 13, PageID 81-83.

These points are crucial to this Court's analysis under 18 U.S.C. § 3553(a)(2)(B) and (C) – Mr. Smith does not pose a risk to the public, and the instant conviction will adequately deter Mr. Smith from engaging in future criminal conduct. Despite his early withdraw from high school, Mr. Smith has worked tirelessly to support his family from a very young age, and has made significant accomplishments personally and professionally over time. A substantial portion of Mr. Smith's personal assets at the present time include the equipment he owns to maintain his company and earn a steady income to support his family. Dkt. 13, PageID 88, ¶ 63.

Mr. Smith's priorities in life are to provide support for his family and continue operations at Styles Construction through which he supports his employees. Mr. Smith's involvement with the instant case has been eye-opening – he accepts full responsibility for his conduct, and respectfully submits that he is motivated to live a law-abiding life moving forward and will have no further encounter(s) with the law.

Based upon the lack of any significant criminal history, the circumstances of the instant offense, and Mr. Smith's personal and professional characteristics, Mr. Smith respectfully asks this Court to consider imposing a term of probation or, alternatively, a term of probation that includes a condition of home confinement/detention.

5

Under 18 U.S.C. § 3561, "[a] defendant who has been found guilty of an offense may be sentenced to a term of probation" unless 1) convicted of a Class A or Class B felony; 2) the offense expressly precludes a term of probation; or 3) the defendant is sentenced at the same time to a term of imprisonment for the same offense or a different offense that is not a petty offense. 18 U.S.C. § 3561(a).

Mr. Smith was convicted of one (1) count of Transfer of a Firearm to a Prohibited Person under 18 U.S.C. 921(d)(1), a Class C felony. A violation of 18 U.S.C. § 922(d)(1) is not accompanied by a mandatory minimum statutory term of imprisonment, nor is probation expressly precluded by statute as a potential sentence. Accordingly, and pursuant to 18 U.S.C. § 3561, Mr. Smith may be sentenced to a term of probation for the instant offense.

**IV.     A Downward Departure from the Guideline Range is Warranted in this Case.**

As is detailed above, the plea agreement in this case includes a stipulation between the parties that the applicable offense level (before Acceptance of Responsibility) is fourteen (14), and thus the Total Offense Level in this case is twelve (12). Dkt. 11, PageID 50-51, ¶¶ 16-17. An Offense Level of twelve (12) and a Criminal History Category of I yields an advisory guideline range of between ten (10) and sixteen (16) months of imprisonment.

Mr. Smith respectfully submits that a downward departure from the advisory Guideline Range is appropriate in this case. Under U.S.S.G. § 1B1.4, "[i]n determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character, and conduct of the defendant, unless otherwise prohibited by law." Under 18 U.S.C. § 3553(b)(1), a court may depart downward from the advisory Guideline Range where "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the

6

Sentencing Commission…" And under U.S.S.G. § 5H1.6 (Application Note, subsection (B)), a court may grant a downward departure based on loss of caretaking or financial support under certain circumstances.

Though district courts must consult the Guidelines when considering an appropriate sentence, a court is not bound to apply them. *See United States v. Booker*, 125 S.Ct. 738, 767(2005). A district court can exercise its discretion to depart from the sentencing guideline range when a defendant's case falls outside the heartland of the applicable guideline because the case presents a factor that was not taken into account by the Sentencing Commission or because a factor is present in a degree or form not contemplated. *See Koon v. United States*, 518 U.S. 81, 96 (1996). "A downward departure is permitted when there is a mitigating factor that has not been adequately considered in formulating the Sentencing Guidelines." *United States v. Coleman,* 188 F.3d 354, 358 (6th Cir. 1999). And "[o]nly sentences that dramatically vary from the range require substantial justification." *Gall v. United States*, 552 U.S. 38 (2007).

In *Koon v. United States*, 116 S.Ct. 2035 (1996), the United States Supreme Court held that district courts are permitted to rely on career loss and/or low recidivism risk in departing downwards from an advisory Guideline Range pursuant to 18 U.S.C. § 3553. In *United States v. Musgrave,* No. 15-3043, unpublished at *4 (6th Cir. 2016), the district court granted a downward variance from the defendant's advisory Guideline Range of 57 to 71 months' imprisonment and sentenced the defendant to one day of imprisonment (with credit), five years of supervised release with twenty-four (24) months of home confinement, and a $250,000 fine to facilitate the defendant's payment of restitution.

The Government appealed, and the Sixth Circuit affirmed the defendant's sentence, holding the court adequately considered the history and characteristics of the defendant as required

under 18 U.S.C. § 3553(a)(1) when it "described [the defendant's] history as a successful businessman and employer of 40 people, extensive work in the community, support from his friends and family, and lack of criminal history." *Id.* at *12; *see also United States v. Prosperi*, 686 F.3d 32, 50 (1st Cir. 2012) (affirming variance from Guideline Range of 87 to 108 months to three (3) years of probation with six months' home confinement based in part on defendant's operation of business and lack of intent to cause harm or otherwise enrich themselves).

Despite the fact that Mr. Smith did not receive a high school diploma or GED – as he withdrew from high school at the age of seventeen (17) years old to begin supporting a family – he went on to receive several trade certifications and, in 2011, began operations as a sole proprietor of his own roofing company, through which he now employs four (4) other individuals. At present, Mr. Smith's primary assets "include a vehicle and tools which are needed to maintain his business and earn a steady income." Dkt. 13, PageID 88, ¶¶ 62-63. Further, Mr. Smith's employees rely solely on their employment with Mr. Smith's company for financial support – if Mr. Smith were to be imprisoned, his company would inevitably cease operations.

Based on a review of the factors under 18 U.S.C. § 3553, as well as his history and characteristics and the circumstances of the offense, Mr. Smith respectfully submits that a downward departure from the advisory Guideline Range of ten (10) to sixteen (16) months is appropriate in this case, and that a term of supervised release – combined with condition(s) this Court deems appropriate – is sufficient to serve the underlying purposes of sentencing.

V.     **Objections to the Presentence Investigation Report**

The primary basis of Mr. Smith's objections to the Presentence Investigation Report involve any/all effect(s) his January 17, 2007 misdemeanor domestic violence conviction (under

Ohio law) had on Pretrial Services' computation of his Base and/or Total Offense Level(s). Dkt. 13, PageID 94-97.

It is well-settled that, "[a] defendant is unable to knowingly, intelligently, and voluntarily plead guilty to an offense if he lacks the capacity to understand the nature and object of the proceedings against him." *Drope v. Missouri,* 420 U.S. 162, 171 (1975). For that reason, both Ohio and federal law require courts to advise criminal defendants of the constitutional rights they are waiving by virtue of entering their guilty plea, as well as certain "collateral consequences" that may arise by virtue of the conviction. *See* Fed. R. Crim. P. 11, generally; *see also* Ohio R. Crim. Pro. 11, generally.

In *Boykin v. Alabama,* 395 U.S. 238 (1969), the United States Supreme Court held that a guilty plea is constitutionally infirm when the defendant is not informed in a reasonable manner at the time of entering his guilty plea of his rights to a trial by jury and to confront his accusers, and his privilege against self-incrimination, and his right of compulsory process for obtaining witnesses in his behalf. Guilty pleas taken short of the necessary constitutional waiver(s) are invalid. *Nichols v. United States*, 511 U.S. 738 (1994); *see also State v. Brooke,* 113 Ohio St.3d 199 (2007).

On January 17, 2007, Mr. Smith appeared before the Portage County Municipal Court, Ravenna Division, for a change of plea hearing. *See* Exhibit A, Transcript of Proceedings, Case No. 06-CRB-0255. However, not only did Mr. Smith never actually "plead guilty" to any offense, but the Court failed to advise Mr. Smith of virtually every requirement outlined by Rule 11. Specifically, the Court failed to:

- Require Mr. Smith (or his then-counsel) to orally enter a plea of "guilty."
- "…[A]ddress[] the defendant personally and inform[] the defendant of the effect of the plea[] of guilty…"

9

- "…[D]etermin[e] that the defendant [was] making the plea voluntarily."

- Advise Mr. Smith of his right to a trial by the jury or to the court.

- Advise Mr. Smith that he was waiving his privilege against compulsory self-incrimination.

- Advise Mr. Smith that he was waiving his right to confront his accusers.

- Advise Mr. Smith that he was waiving his right of compulsory process of witnesses.

- Advise Mr. Smith that, should he proceed to trial, the State would be required to prove his guilt beyond a reasonable doubt.

- Advise Mr. Smith of the potential penalties for the convictions at issue.

Further, under Ohio law, "the proper vehicle" for questioning a prior conviction's use to enhance a subsequent conviction "is an appeal of the enhanced conviction itself," and not the prior. *See, e.g., State v. Rock*, 2019-Ohio-1416 at ¶ 19 (Ct. App. Dist. 11, 2019).

Accordingly, and because the trial court failed to comply with the constitutional mandates of Rule 11 during the January 17, 2007 plea hearing, Mr. Smith respectfully submits that the resulting domestic violence conviction cannot be used to enhance his sentence in this case. *See State v. Kittelson,* 78 N.E.3d 355 (Ct. App. Dist. 11, Dec. 26, 2016) ("When a trial court fails to strictly comply with [its] dut[ies], the defendant's plea is invalid."); *see also City of Solon v. Bollin-Booth,* 2012-Ohio-815 (Ct. App. Dist. 8, March 8, 2012) ("we can infer a collateral consequence arising from [the defendant's] domestic violence conviction… [] misdemeanor domestic violence conviction[s] can be used to enhance the severity of any later criminal charge of domestic violence.).

**VI.** **Weapon Forfeiture**

Under 18 U.S.C. § 924(d)(1), weapons subject to seizure/forfeiture – under certain circumstances – may be "returned forthwith to the owner or possessor or to a person delegated by the owner or possessor unless the return of the firearms or ammunition would place the owner or possessor or his delegate in violation of law."

The Indictment in this case (of which Counts 1 and 2 were dismissed by the Government) charged Mr. Smith with the unlawful possession of firearms, several of which did not – and still do not – belong to Mr. Smith. Specifically, the following firearms do not belong to Mr. Smith, and their return has been requested by their respective lawful owners:

- a Remington, model 514, .22 caliber rifle, no serial number. Dkt. 1, PageID 2, ¶ (b);

- a Rugar, model AR-556, 5.56 caliber rifle, serial number 851-60828. Dkt. 1, PageID 3, ¶ (d);

- a Romarm Cugir, model GP WASR 10/63, 7.62 caliber rifle, serial number 1966ST5109. Dkt. 1, PageID 3, ¶ (f).

The firearms identified above do not belong to Mr. Smith – they belong to Mr. Smith's employee (Tyler Blankenship), cousin (Derrick Oborn), and father (William Smith, Jr.), respectively. Accordingly, Mr. Smith respectfully requests this Court order the seized firearms identified above to be returned to their respective owners following sentencing in this matter.

**VI.** **Conclusion**

For the reasons set forth below, Mr. Smith, through counsel, respectfully requests this Court consider the facts and circumstances surrounding the offense and his personal background in conjunction with the provisions of 18 U.S.C. § 3553(a), and respectfully submits that a period of supervision through the United States Probation & Parole Office – combined with condition(s)

deemed appropriate by this Court -  would be just and sufficient to carry out the statutory purposes of sentencing.

                                  Respectfully submitted,

                                  _____s/Jay Milano_____
JAY MILANO (0008204)
Milano Attorneys at Law
2639 Wooster Road
Rocky River, OH 44116-2911
P: (440) 356-2828
F: (440) 356-2873
Email: jm@milanolaw.com

Attorney for Defendant, William Smith

12

CERTIFICATE OF SERVICE

     A copy of the foregoing Motion to Stay has been served via CM/ECF electronic filing with the United States District Court for the Northern District of Ohio this \_\_\_\_22\_\_\_\_ day of August 2019 upon:

Jason Katz
Assistant U.S. Attorney
Office of the U.S. Attorney
325 City Centre One
100 East Federal Plaza
Youngstown, Ohio 44503

Phillip Tripi
Assistant U.S. Attorney
Office of the U.S. Attorney
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113

                                       Respectfully submitted,

                                       _____s/Jay Milano_____
                                       Jay Milano (0008204)
                                       Attorney for William Smith