IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. 5:18CR558 |
| --- | --- | --- |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| vs. | ) ) ) | GOVERNMENT'S REPLY TO |
| WILLIAM SMITH, III, | ) ) | DEFENDANT WILLIAM SMITH, III'S SENTENCING MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Jason M. Katz, Assistant United States Attorney, and hereby replies to Defendant William Smith, III's Sentencing Memorandum (R. 16). Specifically, the government replies to Section VI of that Memorandum, titled, "Weapon Forfeiture," found at PageID 117.

MEMORANDUM

Defendant seeks the return of three firearms, claiming each belong to family or friends:

1. A Remington, model 514, .22 caliber rifle, no serial number ("the Remington");
2. A Rugar, model AR-556, 5.56 caliber rifle, serial number 851-60828 ("the Rugar"); and

3. A Romarm Cugir, model GPWASR 10/63, 7.62 caliber rifle, serial number 1966ST5109 ("the Romarm").

Defendant asks that the Remington be returned to Mr. Tyler Blankenship (Defendant's employee), the Rugar be returned to Mr. Derrick Oborn (Defendant's cousin), and the Romarm be returned to Mr. William Smith, Jr. (Defendant's father). These requests should be denied.

Each of these firearms was already forfeited in a parallel civil/administrative proceeding. Specifically, on September 12, 2018—almost one year ago—the Asset Forfeiture Division of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") provided notice to Defendant, Defendant's father, and Defendant's mother of its intention to forfeit these firearms (as well as five other firearms). *See* Exhibits A and B. ATF identified these three persons, based on its investigation, as individuals that could possibly have an ownership interest in the firearms. In addition to the notice sent, for each firearm, notice of seizure and intent to forfeit was also posted on the official government website, www.forfeiture.gov. Because no claims were made, Federal law allowed the ATF to enter a declaration of forfeiture that gave clear title to the property to the United States. *See* 19 U.S.C. § 1609 ("A declaration of forfeiture made in such a manner shall have the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States"; "[t]itle shall be deemed to vest in the United States free and clear of any liens or encumbrances . . . ."); *see Malladi Drugs and Phrmaceuticals, Ltd. v. Tandy*, 552 F.3d 885, 887 (D.C. Cir. 2009) ("An administrative forfeiture has the same force and effect as a final decree and order of forfeiture in a judicial proceeding.").

Factually, it should be pointed out that the government had no reason to believe the three firearms at issue belonged to anyone but Defendant. The facts show absolutely no connection

2

between these new claimants and the firearms. The only person the facts show each of these firearms connected to is Defendant. And, despite numerous instances afforded to assert ownership, no one claimed that anyone but Defendant owned the firearms until the sentencing memorandum filed less than a week before sentencing. Instead, the investigation showed that, when persons spoke to law enforcement about the firearms' ownership, they uniformly reported that only Defendant was the actual owner of each of the firearms.

First, law enforcement found each of these firearms (and ammunition) in the south bedroom of Defendant's parents' home during a March 1, 2018, search. It should be noted that on February 27, 2018—just two days prior—Defendant (and Defendant alone) escorted a confidential source into that house and then into that exact bedroom to perfect the Defendant's sale of a firearm to the source. And, it is worth pointing out that one of the firearms found in the bedroom was a Glock, which Defendant had admitted to owning during an undercover drug sale that took place on February 21, 2018. Thus, based on Defendant's access to the house and bedroom, and based on Defendant's admission to owning one of the firearms found with the other guns in question, it can reasonably concluded that Defendant is the actual owner of each of the firearms at issue and that they are not owned by Defendant's friends and family. Second, when ATF agents were on the scene during the execution of the search warrant on this case, ATF spoke to Defendant's father. As memorialized in an ATF report from that day, Defendant's father stated all of the firearms were his son's (the Defendant) (except three old long guns, which are not the three guns at issue here). Thus, at that time, Defendant's father did not assert ownership of the firearm he now claims to be his (the Romarm). And, he did not state that any of the firearms belonged to someone else or that he did not know to whom the firearms belonged.

Instead, Defendant's father affirmatively represented that all of the firearms at issue here belonged to Defendant. Third, on March 15, 2018, Defendant's father specifically forfeited the Rugar (which now is claimed to belong to Defendant's cousin, Mr. Derrick Oburn). *See* Exhibit C. At this event, again, no one provided notice that any of these firearms may belong to someone else. Fourth, pursuant to law, ATF sent a notice about the potential administrative forfeiture of the firearms via FedEx (with routing numbers that evidence delivery (*see* Exhibit B)) to Defendant, Defendant's father, and Sonia Spade (Defendant's mother). The government received no reply from those notices and, therefore, the government had no notice from Defendant, Defendant's father, or anyone else (until now) that these firearms may belong to someone else. Finally, Defendant's friends and family have not provided one piece of evidence to this Court to suggest that they are the actual owners of these firearms. Instead, Defendant makes an uncorroborated request to return these firearms.

CONCLUSION

For the reasons set forth above, each of the firearms cannot and should not be returned to the claimants referenced in Defendant's Sentencing Memorandum, and the Defendant's request for the firearms to be released to his friends and family should be denied.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

/s/ Jason M. Katz
Jason M. Katz (OH: 0076104)
Assistant United States Attorney
100 E. Federal Street, City Centre One; Suite 325
Youngstown, OH 44503
(330) 740-6997 / (330) 746-0239 (facsimile)
Jason.Katz@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government's Reply to Defendant's Sentencing Memorandum was filed electronically on August 27, 2019. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this system through the Court's system.

/s/ Jason M. Katz
Jason M. Katz
Assistant U. S. Attorney